UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8/21/2026

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YOLANDA CORDERO,

Plaintiff,

-against-

25-cv-7354 (LAK)

CITY UNIVERSITY OF NEW YORK, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

LEWIS A. KAPLAN, *District Judge*.

The City University of New York ("CUNY") terminated plaintiff Yolanda Cordero's employment after she sought extended medical leave to recover from surgery to treat her kidney cancer. Ms. Cordero claims that CUNY and her supervisors, defendants Lakisha Skrine, Sergine Louis, and Thomas Heinrich (collectively, "Individual Defendants"), failed to accommodate her request for a reasonable accommodation and discriminated and retaliated against her in violation of The Rehabilitation Act of 1973,[1] the New York State Human Rights Law ("NYSHRL"),[2] and the New York City Human Rights Law ("NYCHRL").[3] Defendants move to dismiss under Rule 12(b)(6).

---

[1] 29 U.S.C. § 794.

[2] N.Y. EXEC. LAW §§ 296(1)(a), 296(3)(a), 296(6), 296(7) (McKinney 2026).

[3] N.Y.C. Admin. Code §§ 8-107(1)(a), 8-107(6), 8-107(7), 8-107(15)(a), 8-107(28).

***Discussion***

Magistrate Judge Valerie Figueredo has recommended that the Court grant in part and deny in part defendants' motion. Specifically, Magistrate Judge Figueredo recommends that the Court dismiss with prejudice plaintiff's claim for retaliation under the NYSHRL against all defendants and dismiss without prejudice to amendment plaintiff's other claims against Individual Defendants.[4] Defendants object to the recommendations, claiming that plaintiff has failed sufficiently to plead that (i) she suffered from a qualifying disability, (ii) defendants had notice of her disability, (iii) she could have performed the essential functions of her job with a reasonable accommodation, and (iv) defendants terminated her because of her disability, her request for a reasonable accommodation, or both. The Court addresses each objection in turn.

*Qualifying Disability*

To state a claim under the Rehabilitation Act for failure to accommodate or for discrimination, a plaintiff must plead that he or she suffered from a qualifying disability.[5] So too for a failure-to-accommodate or discrimination claim under the NYSHRL or NYCHRL.[6] Under the Rehabilitation Act, a qualifying disability must substantially limit a major life activity, including "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing,

---

4 R&R (Dkt 28).

5 *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015); *see Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 246-47 (2d Cir. 2025).

6 *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015); *see Parker v. Israel Discount Bank of N.Y., Inc.*, No. 24-688, 2025 WL 1779219, at *3 (2d Cir. June 27, 2025) (summary order).

learning, and working."[7] Whether the impairment is substantial depends on (i) its "nature and severity," (ii) its "duration or expected duration," and (iii) the "existence of any actual or expected permanent or long[-]term impact."[8] Disability is defined more broadly by the NYSHRL and NYCHRL. Those statutes require no showing that the impairment substantially limits a major life activity.[9] Accordingly, if a plaintiff sufficiently alleges that he or she suffered from a qualifying disability under the Rehabilitation Act, he or she sufficiently has alleged the same under the NYSHRL and NYCHRL.[10]

Here, plaintiff alleges that she "requested dedicated sick leave" because she was "unable to perform remote work" after she "underwent surgery on or about December 15, 2023[,] as a treatment for kidney cancer."[11] She was unable to return to work until July 2024.[12] Thus, even if it were not the case that "[c]ancer will 'virtually always' be a qualifying disability" under the

---

7

*Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005) (quoting 29 C.F.R. § 1630.2(i)); *see also* 29 U.S.C. § 794(d) (setting standards used to determine violations of the Rehabilitation Act as those applied under the Americans with Disabilities Act).

8

*Capobianco*, 422 F.3d at 57.

9

*Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001); *see also Jacobsen v. N.Y. City Health and Hosps. Corp.*, 22 N.Y.3d 824, 833-34 (2014) ("[T]he State HRL forbids employment discrimination on the basis of an employee's disability, and the City HRL provides even greater protection against disability-based discrimination.").

10

*See Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010) ("[T]he same elements that must be proven to establish an ADA claim must also be demonstrated to prove claims under NYSHRL and NYCHRL.").

11

*See* Am. Compl. (Dkt 19) ¶¶ 21-22.

12

*See id.* ¶ 28.

Rehabilitation Act,[13] plaintiff adequately pleaded that it was in her case because it allegedly prevented her from working for several months.[14]

*Notice*

The requirement that an employer be on notice of an employee's disability for the employee to state a failure-to-accommodate or discrimination claim under the Rehabilitation Act, NYSHRL, or NYCHRL, like for a claim under the ADA, "is rooted in common sense."[15] An employer is deemed to be on notice of an employee's disability when the disability "obviously" is known to the employer, even if the employee failed explicitly to inform the employer of his or her disability or need for an accommodation.[16] In other words, the notice requirement is met "if the employer knew or reasonably should have known that the employee was disabled."[17]

---

13 *Katz v. Adecco USA, Inc.*, 845 F. Supp. 2d 539, 548 (S.D.N.Y. 2012) (quoting 29 C.F.R. §§ 1630.2(j)(3)(ii)-(iii)); *see Williams v. NYC Health and Hosps. Corp.*, No. 24-cv-5467, 2025 WL 1334667, at *5 (S.D.N.Y. May 7, 2025) (collecting cases in which courts "have held that a cancer diagnosis can be sufficient to constitute a disability based on the disease's impact on normal cell growth").

14 *Berk v. Bates Advert. USA, Inc.*, No. 94-cv-9140, 1997 WL 749386, at *5 (S.D.N.Y. Dec. 3, 1997) (holding that plaintiff had established a prima facie ADA case where she required surgery to treat her breast cancer, resulting in her missing work for over two months); *Buczakowski v. Crouse Health Hosp., Inc.*, No. 18-cv-330, 2019 WL 6330206, at *5 (N.D.N.Y. Nov. 26, 2019) ("Plaintiff missed work for a period of several months after she was diagnosed with cancer and underwent surgery. Consequently, Plaintiff's cancer constitutes a qualifying disability under the ADA.") (internal citation omitted).

15 *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008) (quoting *Felix v. N.Y. City Transit Auth.*, 154 F. Supp. 2d 640, 657 (S.D.N.Y. 2001), *aff'd*, 324 F.3d 102 (2d Cir. 2003)).

16 *Brady*, 531 F.3d at 135.

17 *Id.*

Here, plaintiff alleges that she first requested to work remotely and that Heinrich refused that request, instead instructing her to go on Family and Medical Leave Act ("FMLA") leave.[18] She alleges also that after two to three months of FMLA leave, defendants then approved her to work remotely, but she shortly thereafter requested *sick* leave because she was "unable to perform remote work" after undergoing surgery for her kidney cancer.[19] She asserts also that she "maintained contact with [d]efendants Skrine and Louis" through her leave, "provided a *medical* note in late January [2024] to Human Resources," and "continuously advised CUNY of her *medical* condition."[20] Finally, she alleges that she requested to "continu[e] her *medical* leave" on an April 2024 phone call during which defendants allegedly told her that she had been removed from CUNY's payroll and health insurance plan.[21] Defendants' argument that plaintiff failed sufficiently to plead that they had knowledge of plaintiff's cancer thus beggars belief.[22] As Magistrate Judge Figueredo concluded, plaintiff's "allegations taken together suffice to [allege plausibly] that

---

18 Am. Compl. (Dkt 19) ¶ 17.

19 *See id.* ¶¶ 21-22.

20 *Id.* ¶¶ 22-24 (emphasis added).

21 *Id.* ¶ 25 (emphasis added).

22 *See Gahfi v. N.Y. City Dep't of Educ.*, No. 23-cv-1782, 2025 WL 675933, at *11 (E.D.N.Y. Feb. 28, 2025) (holding that defendants' approval of plaintiff's "request to take medical leave" created "the inference necessary to survive a motion to dismiss that defendants knew that plaintiff was disabled"); *see also MacEntee v. IBM (Int'l Bus. Machs.)*, 783 F. Supp. 2d 434, 443 (S.D.N.Y. 2011) (drawing inference that employer had notice of disability when employee took short-term leave), *aff'd*, 471 F. App'x 49 (2d Cir. 2012) (summary order).

[d]efendants were on notice that [p]laintiff was requesting medical leave and an accommodation because of her cancer."[23]

*Reasonable Accommodation*

To state a failure-to-accommodate or a discrimination claim under the Rehabilitation Act or NYSHRL, an employee must allege also that he or she would have been "able to perform the essential functions of that job, either with or without a reasonable accommodation."[24] The NYCHRL in contrast "places the burden on the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business."[25]

Regardless, it is well established that "[t]he duty to make reasonable accommodations does not . . . require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover, nor does it force an employer to investigate every aspect of an employee's condition before terminating him based on his inability to work."[26] This rule, however, begs several questions. When, particularly in the absence of language one way or the other, is an employee's request for a leave of absence indefinite versus finite? When, if ever, can "a leave of

---

[23] R&R (Dkt 28) at 9.

[24] *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 135 (2d Cir. 1995); *accord Noll*, 787 F.3d at 94.

[25] *Jacobsen*, 22 N.Y.3d at 835.

[26] *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000) (Sotomayor, J.).

absence for a finite period . . . qualify as a reasonable accommodation?"[27] How assured must the employer be "of an employee's successful return following a proposed finite leave of absence in order for the finite leave to be a reasonable accommodation?"[28] Once the employee proposes an accommodation, what is required for the employer adequately to "investigate that request and determine its feasibility?"[29] These necessarily are fact-bound questions that rarely should be adjudicated on a motion to dismiss.[30]

Here, as described above, plaintiff alleges that after keeping defendants informed about her medical condition, she asked to continue her medical leave to which defendants responded

---

27

*Torres v. N.Y. City Dep't of Educ.*, No. 21-1679, 2022 WL 16954360, at *2 n.2 (2d Cir. Nov. 16, 2022) (summary order) (declining to reach the question); *accord Wenc v. New London Bd. of Educ.*, 702 F. App'x 27, 30 (2d Cir. 2017) (summary order) (same); *Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 F. App'x 5, 7 n.2 (2d Cir. 2014) (summary order) (same).

At least one appellate division has held that under the NYCHRL there is "no accommodation (whether it be indefinite leave time or any other need created by a disability) that is categorically excluded from the universe of reasonable accommodation." *Phillips v. City of New York*, 884 N.Y.S.2d 369, 378 (1st Dep't 2009), *abrogated on other grounds by Jacobsen*, 22 N.Y.3d 824. It remains an open question whether the same is true with respect to the NYSHRL. *See Allen v. City of New York*, No. 24-2589, 2025 WL 3152723, at *3 n.2 (2d Cir. 2025) (summary order) (noting that the NYSHRL has been amended to align its standards "with the more lenient standards of the NYCHRL").

28

*Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 186 n.6 (2d Cir. 2006) (declining to reach the question).

29

*See Parker*, 204 F.3d at 338.

30

*See Shider v. Allied Universal Sec. Co.*, No. 21-cv-6425, 2023 WL 2652280, at *3 (E.D.N.Y. Mar. 27, 2023) (denying motion to dismiss because defendant's arguments "are contradicted by the complaint [liberally construed] and otherwise raise fact questions that cannot be resolved on a motion to dismiss"); *Solomon v. Cnty. of Nassau*, No. 20-cv-5227, 2021 WL 5631766, at *10 (E.D.N.Y. Dec. 1, 2021) (same); *see also Velez v. Girraphic LLC*, No. 20-cv-5644, 2021 WL 1873233, at *6-7 (S.D.N.Y. May 10, 2021) (rejecting defendant's arguments on pre-discovery motion to dismiss or for summary judgment that "largely amount to disagreements with [plaintiff's] view of the facts").

by cutting off her pay and benefits rather than agreeing to extend her medical leave or discussing other potential accommodations.[31] Without going so far as to hold that plaintiff in fact was requesting a finite leave of absence, the Court nevertheless agrees that "[t]he fact that [plaintiff] took an extended leave, after which [she] was allegedly terminated, does not preclude the finding that [defendants] failed to reasonably accommodate [her]."[32] And that is enough at this early stage of the case in which plaintiff is entitled to every favorable inference that reasonably might be drawn from her allegations. In other words, it is plausible that plaintiff was requesting a finite leave of absence and that defendants failed to investigate plaintiff's request and determine its feasibility before firing her. The Court therefore concurs in Magistrate Judge Figueredo's conclusion that plaintiff adequately pleaded that defendants failed to provide her with a reasonable accommodation.

*Causation*

The final element of a failure-to-accommodate, discrimination, or retaliation claim under the Rehabilitation Act or NYSHRL is but-for causation – that the employer would not have taken an adverse employment action against the employee but for the employee's disability or protected activity.[33] As for a claim under the NYCHRL, an employee need show only "differential

---

31 Am. Compl. (Dkt 19) ¶¶ 22-25.

32 *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 366 (S.D.N.Y. 2016); *accord Haight v. NYU Langone Med. Ctr., Inc.*, No. 13-cv-4993, 2014 WL 2933190, at *18 (S.D.N.Y. June 27, 2014).

33 *Natofsky v. City of New York*, 921 F.3d 337, 341 (2d Cir. 2019); *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023); *see Kinneary*, 601 F.3d at 158.

treatment—that she [was] treated 'less well'—because of a discriminatory intent."[34] "Practically speaking, because the NYCHRL is more protective than its state and federal counterparts, a claim is automatically stated under the NYCHRL if it is stated under the federal and state statutes . . . ."[35] "[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action."[36] The "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" must be "very close" to "establish a prima facie case."[37]

Defendants argue that plaintiff failed to allege sufficient facts to establish causation and that the temporal proximity relied upon by Magistrate Judge Figueredo fails. The logic of their argument begins with the assumption *arguendo* that the commencement of plaintiff's actions – her medical leave in June 2023 – constituted notice of the need for a reasonable accommodation. On the basis of that assumption, the interval between that notice and the adverse employment actions in the spring of 2024 would be much too long to give rise to a *prima facie* showing of causation. The problem with that argument, however, is clear. It fails to grapple with the plausible inference that defendants learned of the extent of her disability only three to four months before they removed

---

34 *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 & n.8 (2d Cir. 2013).

35 *Limauro v. Consol. Edison Co. of N.Y., Inc.*, No. 20-cv-3558, 2021 WL 466952, at *4 (S.D.N.Y. Feb. 9, 2021).

36 *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (quoting *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001)) (alteration in original).

37 *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted).

her from their payroll and terminated her benefits.[38] And their arguments that plaintiff failed to plead that she was retaliated against when defendants did so and that their actions could not have constituted retaliatory action because, in their view, those actions simply amounted to "denying an accommodation"[39] are entirely unpersuasive. The progression of plaintiff's cancer, the ongoing nature of her treatment, recovery, and communication with defendants, and defendants' actions in response cannot be viewed in such a formalistic and disjointed fashion.[40]

In these circumstances – where plaintiff alleges that she (i) became unable to work because of her disability, (ii) informed defendants as much, and (iii) a few months later effectively was fired immediately after requesting to extend her medical leave due to that disability – the Court concludes that plaintiff adequately has pleaded that she was discriminated against because of her disability and that she was retaliated against for requesting an accommodation for that disability.

---

38 *See Nunez v. Metro. Learning Inst.*, No. 18-cv-1757, 2019 WL 5457731, at *2 (E.D.N.Y. Oct. 24, 2019) ("At the pleadings stage, four months is not too attenuated to find temporal proximty."); *see also Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 362 (S.D.N.Y. 2016) (noting that a plaintiff's burden "to establish causation with any evidence other than temporal proximity" is "much lower" at the motion-to-dismiss stage); *cf. Gorman-Bakos*, 252 F.3d at 555 (holding at the summary-judgment stage that "five months is not too long to support" an allegation of a causal connection between "exercises of free speech and subsequent retaliatory actions").

39 Defs.' Objs. R&R (Dkt 29) at 14.

40 *Cf. Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 92 (2d Cir. 2015) (explaining that plaintiff's pleadings in a Title VII case "[t]aken together . . . plausibly paint a mosaic of retaliation and an intent to punish [plaintiff] for complaining of discrimination").

*Leave to Amend*

Defendants obliquely object to Magistrate Judge Figueredo's recommendation that plaintiff be granted leave to amend her claims (other than her claim for retaliation under the NYSHRL) against Individual Defendants. They argue that as a matter of law plaintiff may not allege that (i) Individual Defendants, as employers, are liable under the NYSHRL for discrimination, or (ii) they, simply by virtue of their purported supervisory roles, are liable under the NYCHRL for the alleged claims.[41] Defendants are correct insofar as the New York Court of Appeals held in *Doe v. Bloomberg L.P.*[42] that the NYSHRL "does not render employees liable as individual employers" for discrimination claims.[43] And allegations standing alone that Individual Defendants held supervisory roles would not establish Individual Defendants' "own discriminatory conduct, . . . aiding and abetting such conduct by others, or . . . retaliation against protected conduct."[44] Nevertheless, it is far from clear that plaintiff cannot state a legally sufficient claim against the Individual Defendants.

---

41 Defs.' Objs. R&R (Dkt 29) at 15 n.4.

42 36 N.Y.3d 450 (2021).

43 *Id.* at 458.

44 *See id.* at 459.

### *Conclusion*

For the foregoing reasons, defendants' motion to dismiss the amended complaint (Dkt 20) is granted insofar as Count V of the amended complaint is dismissed with prejudice and Counts IV and VI through X against Individual Defendants are dismissed, albeit without prejudice to a motion for leave to amend the latter mentioned Counts as to the Individual Defendants no later than September 3, 2026, with any such motion to include a copy of the proposed amended complaint and a red-lined version of the proposed amended complaint marked to show changes from the first amended complaint.

SO ORDERED

Dated: August 21, 2026

Lewis A. Kaplan
United States District Judge